UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAMMI WILLIAMS,

        Petitioner,

    v.                                        20-CV-619
                                              DECISION & ORDER

THE STATE OF NEW YORK,

        Respondent.

On May 26, 2020, the *pro se* petitioner, Shammi Williams, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. Williams seeks release because he has medical conditions that render him "high risk for COVID-19." *Id.* at 1. On September 21, 2020, the respondent moved to dismiss the petition, Docket Item 6, and on September 28, 2020, Williams responded to the motion, Docket Item 7. On October 7, 2020, Williams filed a letter "advis[ing] the Court that [he is now] in Elmira Correctional Facility where . . . [t]hey have more than 20 positive COVID-19 case[s] in the inmate B-Block." Docket Item 9.

For the reasons that follow, this Court grants the respondent's motion to dismiss without prejudice to Williams's refiling his petition after he has exhausted his remedies in state court.

## **DISCUSSION**

28 U.S.C. § 2254 "generally requires a petitioner for a writ of habeas corpus to show that he has 'exhausted the remedies available in the courts of the State' in order

for the writ to be granted." *McCray v. New York*, 573 F. App'x 22, 23 (2d Cir. 2014) (summary order) (quoting 28 U.S.C. § 2254(b)(1)(A)). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Id.* (quoting *Carvajal v. Artus,* 633 F.3d 95, 104 (2d Cir. 2011)). "The burden of demonstrating exhaustion of state remedies lies with the petitioner." *Ruine v. Walsh*, No. 00 CIV. 3798 (RWS), 2002 WL 1349713, at *2 (S.D.N.Y. June 19, 2002).

"In New York, a petitioner may exhaust his claims by filing a direct appeal to the relevant Appellate Division and seeking leave to appeal to the New York Court of Appeals." *Elleby v. Smith*, No. 20 CIV. 2935 (PAE), 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020), *adhered to on denial of reconsideration*, No. 20 CIV. 2935 (PAE), 2020 WL 4058957 (S.D.N.Y. July 20, 2020). "'Where a claim is not appropriate for direct appeal because it cannot be demonstrated on the basis of the pretrial or trial record'— as is the case here—'a petitioner may exhaust the claim by raising it to the state trial court in a collateral post-conviction motion[,]' such as a motion pursuant to New York Criminal Procedure Law § 440." *Id.* (quoting *Olsen v. Doldo*, No. 16 Civ. 5366 (RA) (DF), 2020 WL 685707, at *16 (S.D.N.Y. Jan. 2, 2020), *report and recommendation adopted*, No. 16 Civ. 5366 (RA), 2020 WL 635605 (S.D.N.Y. Feb. 11, 2020)). Alternatively, "the petitioner may raise the claim in a petition for a writ of habeas corpus filed with the [state] trial court or Appellate Division, followed by an appeal from any denial of the petition." *Id.*

There are two narrow exceptions to § 2254's exhaustion rule: (1) if "there is an absence of State corrective process," or (2) if "circumstances exist that render such

process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). In other words, a federal court may entertain an unexhausted claim only "[w]here there is no further state proceeding for [the] petitioner to pursue" or "where further pursuit would be futile." *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000); *see also Brady v. Wolcott*, No. 19-CV-1280-JLS-LGF, 2020 WL 3270378, at *7 (W.D.N.Y. June 17, 2020) ("Courts may excuse petitioners from exhausting their claims when 'relief is truly unavailable,' but excusing exhaustion . . . where state courts are available[ ] 'would turn the habeas system upside down.'" (quoting *Money v. Pritzker*, No. 20-cv-2093, 2020 WL 1820660, at *22 (N.D. Ill. Apr. 10, 2020))). "If a claim has not been exhausted and it does not fall within either exception, courts will generally dismiss the claim without prejudice, 'allowing petitioner to assert his unexhausted claims in state court.'" *Elleby*, 2020 WL 2611921, at *4 (quoting *Oquendo v. Senkowski*, 452 F. Supp. 2d 359, 368 (S.D.N.Y. 2006)).

Here, Williams claims that he has "exhausted many remedies as to this matter," including by filing a petition for "habeas corpus to Erie County State Court (no reply)." Docket Item 7 at 1; *see also id.* at 3 ("I stated I sent a habeas corpus to state courts [with] no reply [so] by law I can go to a higher court."). But merely filing a state habeas petition is not sufficient to exhaust. Instead, the petitioner must get a decision on the state petition, "followed by [a decision on] an appeal from any denial of the petition." *Elleby*, 2020 WL 2611921, at *3. Accordingly, and as Williams implicitly concedes in his response to the motion to dismiss, he has not yet exhausted his state court remedies.

Nor has Williams demonstrated that his case falls into either exception to the exhaustion requirement. "There are state court collateral review proceedings that

[Williams] can pursue, as his COVID-19-related claims are not based on the trial record and thus did not have to be raised on direct review." *See id.* at *4.  Indeed, Williams already has started to pursue such options, apparently having filed a writ of habeas corpus in the state court.

There also "is no basis to assume that [Williams]'s pursuit of these claims through the state courts [will be] futile."  *See id.* (explaining that "Chief Judge McMahon recently noted that an inmate concerned about COVID-19 'is free to bring a petition for a writ of habeas corpus in the New York State Supreme Court, pursuant to Article 70 of New York's Civil Practice Law and Rules, on the ground that the conditions of his/her confinement are unlawful,' and that 'many [have been] granted by justices of the New York State Supreme Court'" (quoting *Bergamaschi v. Cuomo*, No. 20 Civ. 2817 (CM), 2020 WL 1910754, at *4 (S.D.N.Y. Apr. 20, 2020))).  Moreover,

> [t]here is value to giving the New York state courts a first opportunity to evaluate such a claim, and develop a full factual record, particularly given the rapidly changing conditions in prisons and the evolving steps that prisons are taking to meet the unprecedented challenges presented by the pandemic, in general and as specifically affecting [an inmate's] conditions of confinement.

*Id.* at *5.

Although the Court is sensitive to Williams's health concerns, "as a matter of comity, [it cannot] consider [his] habeas corpus petition until after the state courts have had an opportunity to act."  *See Rose v. Lundy*, 455 U.S. 509, 515 (1982).  Accordingly, this Court dismisses Williams's petition for failure to exhaust.  "In so ruling, the Court joins federal district courts around the country"—including in this district—"that have recently dismissed, or held dismissable [sic], COVID-19-related § 2254 petitions for

4

failure to exhaust state remedies."  *Id.*; *see also Tripathy v. Schneider*, No. 20-CV-6366-FPG, 2020 WL 4043042, at *8 (W.D.N.Y. July 17, 2020); *Lawry v. Wolcott*, No. 20-CV-588-JLS, 2020 WL 4018344, at *6 (W.D.N.Y. July 15, 2020).

## **CONCLUSION**

For the reasons explained above, Williams's petition, Docket Item 1, is DISMISSED WITHOUT PREJUDICE.  The Clerk of Court shall close this case.

SO ORDERED.

Dated:  October 8, 2020
        Buffalo, New York

                                       */s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE